UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

KAREN M. HILL,

        Plaintiff,

     v.

TWIN STAR CREDIT UNION; MIDWEST
LOAN SERVICES, INC.; NW TRUSTEE
SERVICES, INC.; RCO LEGAL PC;  *et al*,

        Defendant(s).

Case No. 3:14-cv-01585-ST

OPINION AND ORDER

**STEWART, Magistrate Judge:**

      Plaintiff, Karen M. Hill, appearing *pro se*, filed this action on October 8, 2014, against defendants alleging a number of claims arising from a completed foreclosure sale of her property on October 5, 2012, conducted by defendant, NW Trustee Services, Inc. ("NWTS"), as successor trustee under a Deed of Trust granted to plaintiff by defendant, Twin Star Credit Union. Plaintiff then filed an Amended Complaint on October 17 (docket #8), Second Amended Complaint on November 10 (docket #10), and Third Amended Complaint on November 21, 2014 (docket #16).

      Instead of filing Answers to the Third Amended Complaint, defendants NWTS and RCO Legal PC (NWTS's lawyer) filed a Motion to Dismiss (docket #18) for failure to state a claim and a Request for Judicial Notice (docket #19). Defendants Midwest Loan Services and Twin

1 – OPINION AND ORDER

Star Credit Union subsequently filed Notices of Joinder in NWTS's motion (dockets #36 & #59), along with another Request for Judicial Notice (docket #61) by Twin Star Credit Union which NWTS later joined (docket #67).

In order to respond to NWTS's motion, this court appointed *pro bono* counsel for plaintiff which was accepted (dockets #39 & #44).  After *pro bono* counsel filed a response to NWTS's motion (docket #49), NWTS filed a Reply in support of its motion (docket #57).  The Court then set a hearing date on that motion for March 10, 2015 (docket #58).

On February 27, 2015, plaintiff filed a Motion to Withdraw an Attorney and Proceed *Pro se* and Motion for Voluntary Dismissal (docket #70), and a few days later *pro bono* counsel filed a Motion to Withdraw as Counsel (docket #68).  Plaintiff seeks removal of her *pro bono* counsel based on a disagreement about whether to dismiss some of her claims which she believes have merit.  She also seeks dismissal of this case without prejudice based on her illness (supported by a letter from her physician (docket #56)).  In their responses, defendants state no objection to withdrawal of plaintiff's *pro bono* counsel, but oppose dismissal unless with prejudice and without leave to amend on the basis that plaintiff cannot state a claim for relief and that they should not have to incur future costs of defense if she refiles her case (dockets #74, #75, & #76).

Although plaintiff did not cite any authority for her Motion for Voluntary Dismissal, Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure provides that "the plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."  The Ninth Circuit has been clear that Rule 41 confers on the plaintiff:

> an absolute right to voluntarily dismiss his [or her] action prior to
> service by the defendant of an answer or a motion for summary
> judgment.  A plaintiff may dismiss his [or her] action so long as
> the plaintiff files a notice of dismissal prior to the defendant's

> service of an answer or motion for summary judgment. The
> dismissal is effective on filing and no court order is required . . .
> The filing of a notice of voluntary dismissal with the court
> automatically terminates the action as to the defendants who are
> the subjects of the notice . . . .  Such a dismissal leaves the parties
> as though no action had been brought.

*American Soccer Co., Inc. v. Score First Enters.*, 187 F3d 1108, 1110 (9th Cir 1999), quoting *Wilson v. City of San Jose*, 111 F3d 688, 692 (9th Cir 1997) (reversing district court's order vacating voluntary dismissal)

Furthermore, because the language of Rule 41(a)(1)(A)(i) is unequivocal, the "'absolute right' for a plaintiff voluntarily to dismiss an action when the defendant has not yet served an answer or a summary judgment motion leaves no role for the court to play." *Id*.

> The language of rule 41(a)(1) is unequivocal.  It permits a plaintiff
> to dismiss an action "without order of court." . . . "Th[e] [filing of
> notice] itself closes the file.  There is nothing the defendant can do
> to fan the ashes of that action into life and the court has no role to
> play.  This is a matter of right running to the plaintiff and may not
> be extinguished or circumscribed by adversary or court.  There is
> not even a perfunctory order of court closing the file.  Its alpha and
> omega was the doing of the plaintiff alone.  He suffers no
> impairment beyond his fee for filing.

*Pedrina v. Chun*, 987 F2d 608, 610 (9th Cir 1993), quoting *American Cyanamid Co. v. McGhee*, 317 F2d 295, 297 (5th Cir 1963).

No defendants has filed an answer or summary judgment motion. Therefore, in light of plaintiff's Motion for Voluntary Dismissal, there is no role for this court to play other than to ensure that the Clerk of Court terminates this action. The Ninth Circuit has observed that such practice "does not prejudice defendants. If defendants 'desire to prevent plaintiffs from invoking their unfettered right to dismiss actions under rule 41(1)(a) [they] may do so by taking the simple step of filing an answer.'" *American Soccer Co., Inc.*, 187 F3d at 1112, quoting *Carter v. United States*, 547 F2d 258, 259 (5th Cir1977).

3 – OPINION AND ORDER

Additionally, Rule 41(a)(1)(B) provides that:

> Unless the notice [of voluntary dismissal] . . . states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Since nothing in the record reveals that plaintiff previously filed and dismissed any other action based on or including the same claims, the dismissal must be without prejudice as plaintiff requests.

## ORDER

Plaintiff's Motion for Voluntary Dismissal (part of docket #70) is deemed a Notice of Voluntary Dismissal pursuant to Rule 41(a)(1)(A)(i). Accordingly, the Clerk is instructed to terminate this action without prejudice, and all pending motions (dockets #18, #19, #61, #68, & part of #70 seeking withdrawal of plaintiff's attorney) are denied as moot.

DATED  March 17, 2015.

s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge